IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RONALD F. RIECKHOFF,

               Plaintiff,

v.

SHIRLEY ABRAHAMSON, *et al.*,

               Defendants.

OPINION AND ORDER

12-cv-90-wmc

---

The plaintiff, Ronald F. Rieckhoff, has filed a civil action against numerous state court officials, including judges, prosecutors, law enforcement officers, and others, for violations of the Racketeer Influenced and Corrupt Organizations Act, commonly known as RICO. *See* 18 U.S.C. § 1961, *et seq.* Rieckhoff requests leave to proceed *in forma pauperis* and he has paid an initial partial filing fee in compliance with 28 U.S.C. § 1915(b)(4). He also has filed several supplements to his complaint and an assortment of motions for miscellaneous relief.

This case is pending before the court for screening pursuant to 28 U.S.C. § 1915A(b). Under this statute, the court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915A(b). For reasons set forth briefly below, the court concludes that this case must be dismissed as frivolous and because the complaint fails to state a viable claim upon which relief can be granted.

## ALLEGATIONS OF FACT

Rieckhoff is presently incarcerated at the Stanley Correctional Institution as the result

of multiple felony convictions for theft, among other things. Rieckhoff indicates that, between 1975 and 1992, he was convicted nineteen times in Milwaukee County. Rieckhoff has many other convictions entered against him recently for offenses committed while he was on extended supervision in Portage County (2007), Waushara County (2008), Adams County (2010), Wood County (2011) and Outagamie County (2008, 2011). According to Rieckhoff, all of these convictions are products of a corrupt conspiracy involving the defendants in this case.

The defendants include 89 judges, district attorneys, defense counsel, police officers, investigators and other agents or individuals who purportedly were involved Rieckhoff's underlying convictions.[1] Rieckhoff alleges that these defendants conspired to convict him

---

[1] Those defendants include: Wisconsin Supreme Court Chief Justice Shirley Abrahamson, former Wisconsin Attorney General James E. Doyle, Waushara County Circuit Judge Guy D. Dutcher, Waushara County District Attorney Scott C. Blader, Attorney Jared C. Redfield, Attorney Linda R. Meier, James C. Stafford, Justin Pendergast, Washington County Circuit Judge James R. Muehlbauer, Washington County District Attorney Mark D. Bensen, Attorney John P. Kuczmarski, Brian Flowers, Outagamie Circuit Judge Michael Gage, Outagamie County Assistant District Attorney Robert Sagar, Attorney John J. Padgah, Attorney Harriet J. Peppard, Attorney Jeffrey Kippa, Attorney Leonard Kachinsky, Attorney John H. Wallace III, Gordon P. Braun, Scott C. Marcks, Wood County Circuit Judge Gregory L. Potter, Wood County District Attorney John P. Henkelman, Anthony Ticknor, Randall Kumm, Attorney William G. Weiland, Portage County Circuit Judge Thomas T. Fluguar, Assistant Portage County District Attorney David Knappen, Attorney Hal Harlowe, Attorney Robert Debauche, John Currior, Roberta Lang, Kevin Lang, Assistant Milwaukee County District Attorney Frederick Matestic, Attorney James L. Tolkan, Attorney Patrick Knight, Attorney Frank Thomas Crivello, Assistant Milwaukee County District Attorney Stephanie G. Rothstein, Attorney Janine P. Geske, Attorney Robert D. Donohoo, Attorney Thomas D. Schneider, former Circuit Judge Diane Sykes, John J. Balistrieri, former Assistant Milwaukee County District Attorney Michael Malmstead, Attorney Donald S. Eisenberg, Attorney Thomas G. Hallaran, Attorney Mary Lou Woehrer, District Attorney Karl J. Ketz, former City of Milwaukee Detective Elfred Olin Schultz, Jr., City of Milwaukee Traffic Bureau Officer Dan Peterson, Nicholas Beaumont, Milwaukee Police Department Captain Theilen, former Milwaukee County District Attorney E. Michael McCann, Milwaukee County Police Detective Ron Masters, Milwaukee County

of offenses that were not crimes. Rieckhoff appears to argue that he was charged improperly with theft in connection with business or "contractual disputes between private parties." He reasons that he was prosecuted in each case to discredit his personal investigation into the 1981 murder of Christine Schultz. Rieckhoff contends that Ms. Schultz was murdered by Milwaukee police officers because her former husband, Milwaukee police officer Elfred Olin Schultz, did not want to pay child support.[2] Rieckhoff alleges that the defendants have engaged in bribery, extortion and obstruction of justice to cover up the murder because they are all members of a crime family known as "La Cosa Nostra," which was run by a man named Frank Balistrieri.[3]

---

Police Detective Robert Dahl, former City of Milwaukee Police Officer Frederick Leffler, former City of Milwaukee Police Officer Patrick Leffler, Milwaukee County Police Detective Jerome Dittmann, Warden Michael Dittmann, Beth Dittmann, Milwaukee County Police Detective Stuart Honeck, Jr., former Milwaukee Police Chief Arthur Jones, Milwaukee Police Detective John Ciecena, Milwaukee Police Detective Neil Zuehlke, Milwaukee Police Inspector Rudolph Will, Milwaukee Patrolman Jon Siefert, Milwaukee Police Inspector Joseph Zarnick, Milwaukee Patrolman Ira B. Robins, Milwaukee County Sheriff's Deputy Michael Moore, Milwaukee County Deputy Sheriff Larry D'Amato, Milwaukee County Deputy Sheriff John Schneider, Milwaukee County Deputy Sheriff James Gauger, Wood County Deputy Sheriff Jon Anderson, Waushara County Sheriff Michael Peterson, City of Milwaukee Police Detective Paul Will, City of Jackson Detective Michael Bloedel, City of Stevens Point Detective Frank Blader, Outagamie County Police Officer Shearer, Outagamie County Sheriff's Department Sergeant Carpenter, Waushara County Sheriff's Officer Curt Olson, former Milwaukee County Parole Agent Eurial K. Jordan, Parole Agent Joseph Crum, Adams/Friendship County Probation Agent Corey Endreas, Regional Chief Probation Officer Ron Kalmus, Waushara County Sheriff's Officer Jim Lietz, Debra Patterson, Jon N. Reddin and Clay R. Dutcher.

[2] Public records reflect Lawrencia Bembenek, who was married to Christine Schultz's ex-husband, defendant Elfred Olin Schultz, was convicted of the murder following a highly publicized trial in 1982. *See State v. Bembenek*, 111 Wis. 2d 617, 331 N.W.2d 616 (Wis. Ct. App. 1983). The lengthy saga of Bembenek's post-conviction proceedings is summarized in *State v. Bembenek*, 296 Wis. 2d 422, 724 N.W.2d 685 (Wis. Ct. App. 2006).

[3] Frank Balistrieri, who died in 1993, was convicted in the United States District Court for the Eastern District of Wisconsin in 1983, on charges of conspiracy to commit extortion as well various gambling and tax offenses following an organized crime investigation in Milwaukee.

In the pending complaint, Rieckhoff alleges that all of the defendants have committed civil and criminal violations of the RICO statute. He seeks declaratory relief and a temporary restraining order, among other things, and he requests a grand jury investigation into the criminal conspiracy outlined in his pleadings. He has filed more than one motion to join United States Attorney General Eric Holder as a party. In addition, Rieckhoff has filed motions for injunctive relief or federal court intervention with state court proceedings that are remain pending against him.

OPINION

Because Rieckhoff is a prisoner who proceeds *in forma pauperis*, the court is required to screen his complaint. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it determines that the proposed action is: (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks money damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(b) (authorizing dismissal of an *in forma pauperis* complaint "at any time" on the same grounds).

In reviewing a *pro se* litigant's complaint under 28 U.S.C. § 1915A(b), the court must read the pleadings generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Nevertheless, a *pro se* complaint is subject to dismissal as frivolous if it lacks an arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in

---

*See United States v. Balistrieri*, 778 F.2d 1226 (7th Cir. 1985); *United States v. Balistrieri*, 577 F. Supp. 1532 (E.D. Wis. 1984).

4

fact when the plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325). A claim lacks an arguable basis in law if it is based on "an indisputably meritless legal theory." *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007) (citing *Neitzke*, 490 U.S. at 325).

As outlined above, Rieckhoff claims that he has been wrongfully convicted and imprisoned as the result of a far flung conspiracy to obstruct justice. Even under the most liberal interpretation, Rieckhoff's complaint fails to state a claim with any basis in fact or law. Because his allegations are so fanciful in nature as to be implausible, *Neitzke*, 490 U.S. at 325, the complaint will be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B).

Alternatively, Rieckhoff's allegations fail to state a claim upon which relief can be granted. To the extent that Reickhoff asks this court to authorize a grand jury investigation for the purpose of initiating RICO charges against the defendants, there is no private right of action to have someone investigated or prosecuted. Rather, the decision to charge an individual with criminal violations is not vested within the courts, but is solely within the discretion of the United States Attorney or local prosecutors. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Del Marcelle v. Brown County Corp.*, 680 F.3d 887, 901 (7th Cir. 2012) (same); *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (private citizen has no standing to have lawyer disciplined or criminally charged); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (neither member of public at large nor victim has right to have another criminally prosecuted). Accordingly, the

5

complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a valid claim upon which relief can be granted.

In addition, to the extent that Rieckhoff seeks relief from the multitude of convictions that were entered against him in state court, his allegations are actionable, if at all, under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Rieckhoff has filed a federal habeas corpus proceeding in this district. *See Rieckhoff v. Pugh*, 11-cv-803-wmc (W.D. Wis.). Therefore, Reickhoff's claims concerning the validity of convictions will be dismissed without prejudice to consideration in that case or in any other properly filed federal habeas corpus proceeding.

## ORDER

IT IS ORDERED that:

1. Plaintiff Ronald Rieckhoff's claims concerning the validity of his state court convictions are DISMISSED without prejudice to consideration in *Rieckhoff v. Pugh*, 11-cv-803-wmc (W.D. Wis.) or in any other properly filed federal habeas corpus proceeding.

2. Rieckhoff's remaining claims are DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief can be granted for purposes of under 28 U.S.C. § 1915(e)(2)(B).

3. Plaintiff is obligated to pay the unpaid balance of his filing fee in monthly installments as described in 28 U.S.C. § 1915(b)(2). The clerk of court is directed to send a letter to the state prison where plaintiff is in custody,

advising the warden of his obligation to deduct payments from plaintiff's inmate trust fund account until the filing fee has been paid in full.

4. All pending motions are DENIED as moot by this order.

Entered this 10th day of January, 2013.

BY THE COURT:

WILLIAM M. CONLEY
District Judge